**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
Four Century Drive | Suite 250
Parsippany, New Jersey 07054
Tel.: 973.734.3200
Fax: 973.734.3201
Email: npeters@darcambal.com
By: Nada M. Peters, Esq. (NJ Att. Id: 027942004)
Attorneys for Defendant, Wal-Mart Stores East, LP
(improperly pled as Walmart and Walmart Stores, Inc.)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TOMONORI NAGASUE and ALISON NAGUSUE, his wife,<br><br>Plaintiffs,<br><br>vs.<br><br>WALMART, WALMART STORES, INC., X.Y.Z. CORP., A.B.C., CORP., & JOHN DOE,<br><br>Defendants. | Civil Action No.: 2:21-cv-3600<br><br><br>**NOTICE OF REMOVAL** |

  Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart and Walmart Stores, Inc.), (hereinafter referred to as "Defendant"), by and through its undersigned counsel, for the purpose of removing this cause pursuant to 28 U.S.C. § 1441, respectfully submits this Notice of Removal pursuant to 28 U.S.C. § 1446. Defendant appears solely for the purpose of removal and for no other purpose, reserving all other defenses available to it. By way of providing the Court with the basis for Defendant's request for removal, Defendant respectfully submits the following short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon Defendant in such action:

1. <u>State Court Action</u>.   On or about January 11, 2021, Plaintiffs, Plaintiffs, Tomonori Nagasue and Alison Nagasue ("Plaintiffs"), filed the above-captioned action against Defendant in the Superior Court of New Jersey, Law Division, Hudson County, in a matter pending as Docket Number HUD-L-000125-21 (the "State Court Action").  Copies of all process, pleadings, and orders served upon Defendant are annexed hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

2. <u>Allegations in the Complaint</u>.  In the Complaint, Plaintiffs assert claims for negligence against Defendant stemming from the allegation that Plaintiff Tomonori Nagasue suffered severe and permanent injuries on July 5, 2019, when he slipped and fell on a metal edge from a floor piece while lawfully on the premises of the retail Walmart store located at 2100 88th Street, North Bergen, Hudson County, New Jersey. The Complaint does not specify the nature of Plaintiffs' alleged injuries and/or the amount of damages being claimed. (*See* Exhibit A.)

3. <u>Defendants</u>.  Other than fictitious defendants, Plaintiffs have named no defendants other than Wal-Mart Stores East, LP.

4. <u>Federal Court Subject Matter Jurisdiction</u>.  28 U.S.C. § 1441(a) provides the basis for removal jurisdiction to this Court as this is a state court action over which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).  28 U.S.C. § 1332 confers subject matter jurisdiction over cases in which there is complete diversity between Plaintiffs and Defendant, and in which the amount in controversy equals or exceeds $75,000.00.

Defendant operates the subject store where the incident at issue allegedly occurred. Defendant, Wal-Mart Stores East, LP, is a limited partnership organized and existing under the laws of Delaware, of which WSE Management, LLC, a Delaware limited liability company, is the general partner, and WSE Investment, LLC, a Delaware limited liability company, is the limited partner.  The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart

Stores East, LLC, an Arkansas limited liability holding company with its principal place of business located in Arkansas.  Walmart Inc. is the sole member of Wal-Mart Stores East, LLC.  Walmart Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Arkansas. According to Plaintiffs' Complaint, Plaintiffs are citizens of New Jersey.

Furthermore, this Court has diversity jurisdiction because the amount in controversy exceeds $75,000.  The Complaint alleges that as a direct and proximate result of the negligence of the Defendant, Plaintiff Tomonori Nagasue "sustained severe and extensive personal injuries, medical expenses, and pain and suffering." (**Exhibit A**, Complaint at Count I, ¶ 5.)  On February 17, 2021, Defendant's counsel sent Plaintiffs' counsel correspondence requesting that Plaintiffs stipulate that Plaintiffs' damages are less than $75,000.  (Attached hereto as **Exhibit B** is a true and correct copy of the February 17, 2021 letter and its enclosure.)  To date, Plaintiffs have not returned the stipulation and counsel advised on February 22, 2021 that Plaintiff continues to require treatment and therefore she cannot stipulate to the amount of damages claimed at this time.

While Defendant denies all liability to Plaintiffs and denies that they are entitled to any of the relief sought in the Complaint, based upon the allegations of the Complaint, the injuries alleged, and that the Stipulation of Damages has not been returned to Defendant's counsel, and upon information and belief, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332.

Accordingly, for the reasons set forth above, Defendant respectfully submits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and Plaintiffs' claims meet the jurisdictional limit of $75,000.

5. <u>Timely Filing</u>.  Upon information and belief, Defendant only learned of this lawsuit when a courtesy copy of the Complaint was provided to its third-party administrator on January 28, 2021 and therefore service has not yet been effected and/or was not proper.  Nevertheless, the filing of this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) insomuch as it is filed within thirty (30) days of receipt of the Summons and Complaint by Defendant.

6. <u>State Court Documents Attached</u>. Copies of all process, pleadings and orders served upon Defendant are annexed hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

7. <u>Proper Venue</u>.  Venue for removal is proper in this district because this is the district embracing the Superior Court of New Jersey, Law Division, Hudson County, New Jersey, the forum in which the removed action was pending.

8. <u>Notice to Plaintiff and State Court</u>.  Promptly upon filing this Notice of Removal with this Court, Defendant, through its undersigned counsel, will give written notice hereof to Plaintiffs, per their counsel, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Hudson County, New Jersey.

9. <u>Relief Requested</u>. Defendant respectfully gives notice that this action is to be removed from the Superior Court of New Jersey, Law Division, Hudson County, New Jersey, to the United States District Court for the District of New Jersey.

**WHEREFORE**, Defendant, Wal-Mart Stores East, LP, hereby removes this action, currently pending as Docket Number HUD-L-000125-21 in the Superior Court of New Jersey, Law Division, Hudson County, New Jersey.

Dated:  February 26, 2021          /s/ Nada M. Peters
                                   Nada M. Peters, Esq.
                                   **D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
                                   Four Century Drive | Suite 250

Parsippany, New Jersey 07054
Tel.: 973.734.3200
Fax: 973.734.3201
Email: npeters@darcambal.com
Attorneys for Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart and Walmart Stores, Inc.)

## **LOCAL CIVIL RULE 11.2 VERIFICATION**

Other than the action filed in the Superior Court of New Jersey, Law Division, Hudson County, which is the subject of this Notice of Removal, the matter in controversy, to the best of Defendant Wal-Mart Stores East, LP's knowledge, information and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

Dated:  February 26, 2021                             /s/ Nada M. Peters
                                                                              Nada M. Peters, Esq.