# EXHIBIT A

LAW OFFICES OF
NANCY E. LUCIANNA, P.C.
1638 CENTER AVENUE
FORT LEE, NEW JERSEY 07024
(201) 947-6484
ATTORNEY FOR PLAINTIFF, TOMONORI NAGASUE and ALISON NAGASUE

| | |
|---|---|
| TOMONORI NAGASUE and ALISON NAGASUE, his wife, <br> *Plaintiff* <br> VS. <br> WALMART, WALMART STORES, INC. X.Y.Z. CORP., A.B.C., CORP., & JOHN DOE, <br> *Defendants.* | SUPERIOR COURT OF NEW JERSEY <br> HUDSON COUNTY - LAW DIVISION <br><br> DOCKET NO.: <br><br> CIVIL ACTION <br><br> COMPLAINT AND JURY DEMAND |

Plaintiffs TOMONORI NAGASUE and ALISON NAGASUE residing at 170 Thatcher Road, Tenafly, County of Bergen, New Jersey 07670 by way of Complaint against Defendants, WALMART, WALMART STORES, INC., X.Y.Z. CORP., A.B.C. CORP. and JOHN DOE, says:

## COUNT 1

1. On or about July 5, 2019, Plaintiff, TOMONORI NAGAUSE, was a business invitee at the Walmart store owned and operated by Defendants WALMART, WALMART STORES, INC., X.Y.Z., CORP., A.B.C., CORP., and JOHN DOE located at 2100 88th Street, North Bergen, County of Hudson, New Jersey 07047

2. At said time and place, Defendants had a duty to maintain the premises including, but not limited to: inspect and clean and repair their premises, prevent falls and warn others of any latent defects, and prevent dangerous and hazardous conditions.

3. At said time and place, the Plaintiff, TOMONORI NAGASUE, slipped and fell as a

dangerous, raised, sharp, metal edge from a floor piece had detached, cutting and catching Plaintiff TOMONORI NAGASUE's shoe and foot.

4. Despite notice of the dangerous and hazardous condition, Defendants failed to fix, correct, or otherwise abide by public safety codes and duty to prevent dangerous and hazardous conditions for customers patronizing its facility.

5. As a result of the reckless and negligent manner of the Defendant, the Plaintiff, TOMONORI NAGASUE was seriously injured and suffered severe and permanent injuries, and sustained great medical care, great pain and suffering, mental anguish, extensive loss of time from normal vocations, and suffered a loss of his quality of life and was prevented from enjoying the normal fruits of his existence, and Plaintiff, TOMONORI NAGASUE, was otherwise damaged.

6. As a result of Defendants' negligence, Plaintiff sustained severe and extensive personal injuries, medical expenses, and pain and suffering.

WHEREFORE, Plaintiff, TOMONORI NAGAUSE and ALISON NAGASUE demand judgment against Defendants, WALMART, WALMART STORES, INC., X.Y.Z. CORP., A.B.C. CORP. and JOHN DOE for compensatory damages, attorney's fees, interest, costs of suit and other further relief as the Court may deem just and equitable.

## COUNT II

1. Plaintiffs repeats every allegation of Count I of the Complaint as if set forth at length herein.

2. At all relevant times, the Defendants, WALMART, WALMART STORES, INC., X.Y.Z. CORP., A.B.C. CORP. and JOHN DOE were responsible for the safety of its patrons and failed to warn to protect customers and/or visitors from falling upon

2

entering and leaving the shopping aisle.

3. As a result of the reckless and negligent manner of the Defendant, the Plaintiff, TOMONORI NAGASUE was seriously injured and suffered severe and permanent injuries, and sustained great medical care, great pain and suffering, mental anguish, extensive loss of time from normal vocations, and suffered a loss of his quality of life and was prevented from enjoying the normal fruits of his existence, and Plaintiff, TOMONORI NAGASUE, was otherwise damaged.

4. As a result of Defendants' negligence, Plaintiff sustained severe and extensive personal injuries, medical expenses, and pain and suffering.

WHEREFORE, Plaintiff, TOMONORI NAGAUSE and ALISON NAGAUSE demand judgment against Defendants, WALMART, WALMART STORES, INC., X.Y.Z. CORP., A.B.C. CORP. and JOHN DOE for compensatory damages, attorney's fees, interest, costs of suit and other further relief as the Court may deem just and equitable.

### COUNT III

1. Plaintiffs repeats every allegation of Count I and Count II of the Complaint as if set forth at length herein.

2. At all relevant times Plaintiff ALISON NAGASUE was the lawful wife of Plaintiff TOMONORI NAGASUE.

3. Plaintiff ALISON NAGASUE witnessed her husband's pain and suffering, was forced to care for her husband, suffered a loss of services and consrtium and was forced to expend large sums of money for his medical treatment.

WHEREFORE, Plaintiff ALISON NAGASUE demands judgment against Defendants WALMART, WALMART STORES, INC., X.Y.Z. CORP., A.B.C. CORP. and JOHN DOE for

compensatory damages, attorney's fees, interest, costs of suit and other further relief as the Court may deem just and equitable

DATED: 11/30/2020

LAW OFFICES OF NANCY E. LUCIANNA, P.C.

By: _____
NANCY E. LUCIANNA, ESQ.

## CERTIFICATION

I hereby certify that the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor is any such action or arbitration proceeding presently contemplated.

DATED: 11/30/2020

LAW OFFICES OF NANCY E. LUCIANNA, P.C.

By: _____
NANCY E. LUCIANNA, ESQ.

## JURY DEMAND

Plaintiff, TOMONORI NAGAUSE and ALISON NAGASUE, hereby demands a trial by jury as to all issues against Defendants, WALMART, WALMART STORES, INC., X.Y.Z. CORP., A.B.C. CORP. and JOHN DOE.

DATED: 11/30/2020

LAW OFFICES OF NANCY E. LUCIANNA, P.C.

By: _____
NANCY E. LUCIANNA, ESQ.

4

1/28/2021

### DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that NANCY E. LUCIANNA, ESQ. is hereby designated as trial counsel on behalf of the Plaintiffs, TOMONORI NAGAUSE and ALISON NAGASUE.

LAW OFFICES OF NANCY E. LUCIANNA, P.C.

DATED: 11/30/2020

By: _____
NANCY E. LUCIANNA, ESQ

5

1/28/2021

# Civil Case Information Statement

## Case Details: HUDSON | Civil Part Docket# L-000125-21

**Case Caption:** NAGASUE TOMONORI  VS WALMART
**Case Initiation Date:** 01/11/2021
**Attorney Name:** NANCY E LUCIANNA
**Firm Name:** NANCY E. LUCIANNA
**Address:** 1638 CENTER AVE
FORT LEE NJ 07024
**Phone:** 2019476484
**Name of Party:** PLAINTIFF : Nagasue, Tomonori
**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Tomonori Nagasue?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO
**If yes, is that relationship:**
**Does the statute governing this case provide for payment of fees by the losing party?** NO
**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/11/2021                                                                                                    /s/ NANCY E LUCIANNA
Dated                                                                                                                              Signed

1/28/2021